UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| MARIO DE VERA, | No. C 12-05644 LB |
|           Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
|    v. | |
| UNITED AIRLINES, INC., | |
|           Defendant. | |

**INTRODUCTION**

Plaintiff Mario De Vera, who is representing himself, sued Defendant United Airlines, Inc. for breach of contract and breach of fiduciary duty after United modified the travel benefits it provided him under the terms of an "early out" employee buyout program and because United failed to disclose the fact that he would not be considered a retiree if he accepted the buyout. *See* Complaint, ECF No. 1 at 9; Opp'n, ECF No. 63.[1] The court granted United's motion for summary judgment and entered final judgment on March 7, 2014. *See* Summary Judgment Order, ECF. No. 68; Judgment, ECF No. 69. On April 4, 2014, Mr. De Vera moved the court for leave to file a motion for reconsideration under Civil Local Rule 7-9. *See* Motion for Leave ("Motion"), ECF No. 72. The court finds this matter suitable for disposition without oral argument and **DENIES** Mr. De Vera's motion. *See* N.D. Cal. Civ. L.R. 7-1(b).

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page number at the top of the document.

C 12-5644 LB
ORDER

...

**LEGAL STANDARDS**

Several Federal Rules of Civil Procedure and local rules permit a party to file a motion for reconsideration. The applicability of a specific rule depends on the stage of the proceedings and intent of the movant.

Mr. De Vera moves for reconsideration under this District's Civil Local Rule 7-9. This rule establishes procedures applicable when a litigant seeks reconsideration before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all parties in a case. Civil L.R. 7-9(a). The moving party must seek permission from the court prior to filing a motion for reconsideration and must show that (1) at the time of the motion, a material difference in fact or law exists that was not previously presented to the court and the moving party did not know of this earlier, despite exercising reasonable diligence, (2) since the order, new material facts emerged or the law changed, or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were previously presented. *Id.* at 7-9(b). A district court can reconsider non-final judgments pursuant to Federal Rule of Civil Procedure 54(b) and the court's "inherent power rooted firmly in the common law" to "rescind an interlocutory order over which it has jurisdiction." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001).

In contrast, Federal Rules of Civil Procedure 59(e) applies where final judgment has been entered and the motion seeking leave to file a motion for reconsideration is filed within 28 days of the judgment. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) ("[A] motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within [28] days of entry of judgment.") (citation and internal quotation marks omitted); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed not later than 28 days after the entry of the judgment.").

In general, there are four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

1  "[A]mending a judgment after its entry [is] an extraordinary remedy which should be used
2  sparingly." *Id.* (citation and internal quotation marks omitted).  Furthermore, a Rule 59(e) motion
3  "may not be used to relitigate old matters, or to raise arguments or present evidence that could have
4  been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5
5  (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
6  § 2810.1, 127-28 (2d ed.1995)); *Kona Enterps, Inc. v. Estate of Bishop*, 229 F.3d 877 (Oct. 6, 2000)
7  ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time
8  when they could reasonably have been raised earlier in the litigation.").

## ANALYSIS

The court denies the Rule 59(e)[2] motion on the ground that it restates previous arguments and presents evidence that could have been presented previously and otherwise does not change the outcome.  For example, Mr. De Vera restates his position that United breached its "early out" program contract and violated its fiduciary duty to him by changing the terms of his travel benefits without disclosing to him that United could make such changes at any time.  *See* Motion for Reconsideration, ECF No. 72 at 1-3.  The court previously rejected these arguments.  *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (motion for reconsideration of summary judgment is properly denied when the motion presents no arguments not already raised in opposition to summary judgment).

The motion cites the following new evidence:  (1) a Ninth Circuit brief filed in 1999, *Brief of Appellee, Air Transp. Assoc. of America. v. City and Cnty. of San Francisco*, 1999 WL 33604795 (December 15, 1999) (No. 99-16391); (2) United's "Pleasure Travel" regulations; (3) a "United Airlines Travel Policy" brochure; and (4) a February 2012 press release on fiduciary responsibilities by the U.S. Department of Labor.  *See* Motion for Reconsideration, ECF No. 72 Exs. A-D.  These documents all predate the litigation.  Mr. De Vera provides no explanation why he was unable with "reasonable diligence" to find these documents prior to opposing the summary judgment motion.

In any event, they do not change the outcome.

---

[2] Mr. De Vera is representing himself, and the court considers his motion as timely-filed under Rule 59(e).

C 12-5644 LB
ORDER                                           3

**A. Documents Attached to Mr. De Vera's Motion**

Mr. De Vera first cites the Appellees' brief in *Air Transport Association* as a new material fact that contradicts United's contention "that pass travel benefits are part of the CBAs." The cited passage is a footnote in which the City and County of San Francisco argued "[t]he Airlines' assertion that travel benefits derive from their CBAs is disingenuous" because travel benefits were granted by management policies. *See* 1999 WL 33604795, at n.18. This does not change the outcome for several reasons. First, the facts in *Air Transport Association* were very different. The issue was whether the RLA preempted a San Francisco nondiscrimination-in-contracting ordinance. *See id.* at *1. The district court held that it did not, and the plaintiffs (including United) appealed. The Ninth Circuit ultimately determined that the RLA "does not preempt state or local efforts to prevent discrimination or set minimal substantive requirements on contract terms." *Air Transp. Ass'n of Am. v. City & Cnty. of San Francisco*, 266 F.3d 1064, 1076-77 (9th Cir. 2001). The Ninth Circuit, however, reiterated that the RLA preempts "state law causes of action that depend on the interpretation of CBAs." *Id.* at 1076. That is the reason Mr. De Vera's claim is preempted. As the court previously explained, "Mr. De Vera's argument about his eligibility for retirement travel benefits is premised on his argument that United improperly changed benefits for retirees, which thus affected his rights to the same travel benefit as part of the 'Early Out' program. Resolution of that issue would turn on whether the CBA permitted the changes for retirees and the CBA provisions regarding travel pass benefits." Order Granting Summ. J., ECF No. 68 at 14. The fact that a party in litigation with United said that travel benefits are not "granted pursuant to CBAs" does not change this result.

Next, Mr. De Vera submits a document, titled "Regulations10-3 Pleasure Travel," which he contends is a copy of the company's pass travel regulation that was effective when he accepted the early out agreement. Motion for Reconsideration, ECF No. 72 at 2, 33. Mr. De Vera asserts that this shows that the earlier version of the travel policies does not have a disclaimer stating that United reserves the right to amend, modify, or delete travel benefits. *Id.* at 2. United objects that Mr. De Vera fails to establish that the document is admissible. Opp'n, ECF No. 74 at 5. United's objection is well-taken. Mr. De Vera submits only a portion of the Pleasure Travel regulations and does not

provide a declaration supporting its admissibility. If the document were admissible, it is only relevant to whether United breached a contract or implied contract with Mr. De Vera. But the court's primary basis for granting summary judgment was RLA preemption. *See* Order, ECF No. 68 at 14-16. The court only reached the merits of Mr. De Vera's breach of contract arguments in the alternative. *See id.* at 15-16 ("Even if the parties' interaction here was not subject to the RLA, the court would not find any breach of a contract or an implied contract that the travel benefits could not be changed."). Finally, the submitted document does not clearly support Mr. De Vera's position either. The first sentence refers to "[t]he pleasure travel benefit" as "a privilege and not a right of employment." Motion at 33. This supports United's position that Mr. De Vera did not have a contractual right to travel benefits. Accordingly, this document would not change the outcome.

The third document Mr. De Vera submits is a brochure titled "United Airlines Travel Policy" that he claims to have received from United. *Id.* at 2. Mr. De Vera argues that this brochure does not contain a disclaimer, either. This document is subject to the same problems as the "Regulations 10-3 Pleasure Travel" discussed above. First, Mr. De Vera does not establish admissibility and United objects on that basis. *See* Opp'n at 5. Second, the document is relevant only to breach of contract and would not alter the dispositive preemption ruling. Third, the lack of a disclaimer in the brochure does not show a contract that travel benefits could not be changed. The brochure has a disclaimer indicating it "is intended as summary information only" and directing the employees to United's "regulations 15-9 for complete details." Motion Ex. C, ECF No. 72-1 at 39.

Finally, Mr. De Vera submits a Department of Labor booklet titled "Meeting Your Fiduciary Responsibilities." Motion Ex. D, ECF No. 72-1 at 41. Mr. De Vera argues that this supports his claim that United has "a fiduciary duty to him to disclose material facts when it comes to business decisions that affect[] him." Motion at 3. The court disagrees. This booklet is a small entity compliance guide that "addresses the scope of ERISA's protections for private-sector retirement plans." *Id.* at 42-43. Mr. De Vera quotes language referring to an employer's fiduciary responsibilities under ERISA. *See* Motion at 3 (quoting Ex. D). As discussed in the summary judgment order, "Mr. De Vera does not show the existence of a fiduciary or confidential relationship between him and United. For that reason, his claim fails." Order, ECF No. 68 at 17. The

1 Department of Labor booklet does not compel a different result here.

### B. Documents Attached to Mr. De Vera's Reply Brief

In his reply, Mr. De Vera attaches additional evidence. First, he attaches a Notification of Docket Entry from *Santiago v. United Air Lines Inc.*, No. 1:11-cv-09109, ECF No. 201 (Apr. 9, 2014) to show that RLA preemption did not bar that case. *See* Reply Att. 1, ECF No. 75 at 5. The court addressed *Santiago* in granting United's Motion for Summary Judgment. *See* Order, ECF No. 68 at 15. Second, Mr. De Vera attaches a page excerpted from a brief filed by United in *Wyatt v. United Airlines, Inc.*, ECF No. 14, No. 7:13-00282-F (E.D.N.C. Mar. 17, 2014). Mr. De Vera relies on this document to show that United takes inconsistent positions in different cases. *See* Reply at 4. Those considerations do not alter the court's conclusion on the merits of Mr. De Vera's claim.

Finally, Mr. De Vera attaches an unauthenticated document that appears to be a United Airlines benefits calculation showing that Mr. De Vera's travel benefit was part of his "total compensation and benefits." *Id.* Att. 3 at 7. Mr. De Vera argues that this shows "the pass travel benefit is a valuable benefit to have" and that it was relevant to his decision to accept the early out offer. Reply at 4. As discussed in the order granting summary judgment, regardless of the equities, Mr. De Vera cannot seek a remedy in this forum.

In sum, even if the court were to consider the documents attached to Mr. De Vera's Motion for Reconsideration, they would not alter the court's conclusion. The court **DENIES** Mr. De Vera's Motion for Reconsideration.

This disposes of ECF No. 72.

**IT IS SO ORDERED.**

Dated: June 10, 2014

_____
LAUREL BEELER
United States Magistrate Judge